UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL L. AINSWORTH and CHERYL AINSWORTH,

Plaintiffs,

-vs-

KENNY NORRIS and THE CITY OF TAMPA, FLORIDA, A Municipal Corporation,

Defendants
_____/

CASE NO:
8:10-CV-00293-SDM-TGW

## THIRD AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

Plaintiffs, MICHAEL L. AINSWORTH and CHERYL AINSWORTH, sue Defendants, KENNY NORRIS ("NORRIS"), and The City of Tampa, Florida, a Municipal Corporation (The "CITY OF TAMPA"), and allege:

### INTRODUCTION

1. This is an action for money damages against Defendant, NORRIS, a police officer for the City of Tampa and the Defendant, CITY OF TAMPA, for violation of Plaintiff's constitutional and common law rights. Plaintiff, MICHAEL L. AINSWORTH, alleges that Defendant, NORRIS, unlawfully arrested him and committed a battery in the course of such arrest and that Defendant, CITY OF TAMPA, is liable for its custom and practice of permitting and encouraging illegal or false arrests and the use of excessive force in committing such arrests with the result that officers of Defendant, CITY OF TAMPA, were encouraged to believe they could violate Plaintiff's constitutional rights.

2. Plaintiff, MICHAEL L. AINSWORTH, alleges violation of his federal civil rights, specifically his fourth and fourteenth amendment rights to be free from seizures rendered unreasonable by a law enforcement officer's use of unreasonable and excessive force in effecting his seizure, from seizures rendered unreasonable by the absence of probable cause, and the right to be free from malicious prosecution by a law enforcement officer. Plaintiff seeks declaratory and compensatory relief, punitive damages and all costs, including his attorneys' fees.

## JURISDICTION AND VENUE

3. This action arises under 42 U.S.C. §§ 1983 and 1988. Jurisdiction is founded on 28 U.S.C. §§ 1319(B) and Local Rule 1.02(b)(4).

4. All incidents material to this action occurred in Hillsborough County, Florida and both Defendants reside in Hillsborough County, Florida. Venue is thus proper in the Tampa Division of the Middle District of Florida pursuant to 28 U.S.C. § 1391(B) and Local Rule 1.02(b)(4).

## PARTIES

5. Plaintiffs, MICHAEL L. AINSWORTH and CHERYL AINSWORTH, are husband and wife and at all times material hereto have resided in Hillsborough County, Florida.

6. Defendant, NORRIS, was at all times material hereto employed as a police officer by the Defendant, CITY OF TAMPA, acting under color of law, and is sued in his individual capacity only. Upon information and belief Defendant, NORRIS was at all times a resident of Hillsborough County, Florida.

7. Defendant, THE CITY OF TAMPA, was at all times material hereto a duly incorporated municipality organized and existing under the laws of Florida.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

8. There is no administrative exhaustion requirement regarding Plaintiff's civil rights claims under 42 U.S.C. § 1983. Plaintiffs timely filed their notice of claim pursuant to Section 768.28, *Florida Statutes*, regarding their supplemental tort claims against Defendant, CITY OF TAMPA, and have provided Defendant, CITY OF TAMPA, the required amount of time to resolve their claims.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. On or about the evening of May 20, 2007, Defendant, NORRIS was traveling east on Busch Boulevard, in Tampa, Hillsborough County, Florida, in his patrol car when Plaintiff, MICHAEL L. AINSWORTH, passed him in the rental vehicle in which he was driving along with his eight year old daughter, who was a restrained passenger in the vehicle.

10. Defendant, NORRIS thereafter turned on his flashing lights as a signal to Plaintiff, MICHAEL L. AINSWORTH, to pull his vehicle over for a traffic stop.

11. After observing Defendant, NORRIS' flashing lights Plaintiff, MICHAEL L. AINSWORTH, pulled his vehicle over into the parking lot of the Burger King restaurant located at the corner of Busch Boulevard and 30th Street, in Tampa, Hillsborough County, Florida,

12. Defendant, NORRIS then pulled into the parking lot, exited the patrol car and approached the rental vehicle, where he demanded that Plaintiff, MICHAEL L. AINSWORTH, hand over his license and registration. When Plaintiff, MICHAEL L. AINSWORTH, asked what the problem was Defendant, NORRIS, stated in a very rude tone: "Didn't you see you blew by me back there?

13. After making this comment while glaring at Plaintiff, MICHAEL L. AINSWORTH, in a menacing way, Defendant, NORRIS returned to his patrol car with the license and registration where he ran an NCIC/FCIC check of them on his mobile laptop computer.

14. At approximately 11:35 p.m., Defendant, NORRIS returned to the rental vehicle and demanded that Plaintiff, MICHAEL L. AINSWORTH, exit the vehicle. When Plaintiff, MICHAEL L. AINSWORTH, asked why, Defendant, NORRIS informed him that the Pinellas County Sherriff's Department had issued a warrant for his arrest.

15. At that point, Plaintiff, MICHAEL L. AINSWORTH, explained that the warrant was for the arrest of a Michael R. Ainsworth, that this had happened to him before and that he had an official letter from the Pinellas County Sherriff's office stating that he was NOT the individual arrested by that agency and the subject of the warrant. A copy of this correspondence is attached and incorporated herein as Exhibit "A".

16. Defendant, NORRIS, however, ignored this explanation and demanded that Plaintiff, MICHAEL L. AINSWORTH, exit the vehicle.

17. After NORRIS demanded that Plaintiff, MICHAEL L. AINSWORTH, exit the vehicle for a second time the Plaintiff, opened his car door to show NORRIS he was willing to cooperate and had no intention of fleeing.

18. At that time Plaintiff, MICHAEL L. AINSWORTH, was speaking with his wife on the cell phone and told her that he believed he was about to be arrested under the mistaken Pinellas County warrant and asked her to speak with Defendant, NORRIS and explain that the warrant did not apply to him and to make arrangements to get their daughter if Defendant, NORRIS, refused to listen to reason.

19. After speaking briefly with Plaintiff, CHERYL AINSWORTH, on the cell phone NORRIS again demanded that Plaintiff, MICHAEL L. AINSWORTH, exit the vehicle.

20. Plaintiff, MICHAEL L. AINSWORTH, then attempted to call his attorney but, was unsuccessful.

21. Plaintiff, MICHAEL L. AINSWORTH, thereafter called his wife again and told her the Defendant, NORRIS would not listen to reason and to send someone to get their daughter. At that point, Defendant, NORRIS spoke with Plaintiff, CHERYL AINSWORTH, once again and told her to get someone to the scene to assist her daughter because her husband was going to jail.

22. At the conclusion of this conversation Plaintiff, MICHAEL L. AINSWORTH, told Defendant, NORRIS he would exit the vehicle, whose door he had already opened, but asked to be fingerprinted pursuant to instructions he had received from the Pinellas County Sherriff's Department when they issued Exhibit "A".

23. At no time did Plaintiff, MICHAEL L. AINSWORTH, actively resist Defendant, NORRIS or express any threatening conduct towards Defendant, NORRIS. Instead, Plaintiff, MICHAEL L. AINSWORTH, took steps to assure NORRIS he had control of the situation including opening his car door upon NORRIS' second request to exit the vehicle and assuring NORRIS he was exiting the vehicle after the third request.

24. Ignoring the request to be fingerprinted, Defendant NORRIS reached into the vehicle, grabbed Plaintiff, MICHAEL L. AINSWORTH, and yanked him violently from the vehicle before slamming his body to the ground with such excessive and unreasonable force that was calculated by Defendant, NORRIS to cause great bodily harm and was force greater than necessary to effectuate custody of Plaintiff, MICHAEL L. AINSWORTH, as evidenced by the

serious and permanent injuries he sustained including, but not limited to, a severely herniated disc at C5-C6 causing cervical radiculopathy requiring two surgical discectomy surgeries and injuries to the left shoulder including a torn labrum and rotator cuff requiring surgical repair.

25. Plaintiffs, MICHAEL L. AINSWORTH and CHERYL AINSWORTH, allege Defendant, NORRIS had actual knowledge prior to violently yanking Plaintiff, MICHAEL L. AINSWORTH, from the vehicle that he was not the Michael R. Ainsworth which was the subject of the arrest warrant and therefore had no probable cause to arrest Plaintiff, MICHAEL L. AINSWORTH.

26. Specifically, at the time he ran the NCIC/FCIC on his mobile laptop computer, the information Defendant, NORRIS, received about the outstanding warrant indicated that Plaintiff, MICHAEL L. AINSWORTH, did not match the physical description of the Michael R. Ainsworth that was the subject of the warrant, that their social security numbers were different and that the Michael R. Ainsworth that was the subject of the warrant had a tattoo of the Grim Reaper on his right arm which Defendant, NORRIS could see Plaintiff, MICHAEL L. AINSWORTH, did not have because the Plaintiff was wearing a tank top and his arms were bare.

27. Since this issue had occurred so many times in the past for Plaintiff, MICHAEL L. AINSWORTH, because of the warrant outstanding for Michael R. Ainsworth, at the request of Plaintiff, MICHAEL L. AINSWORTH, the Pinellas County Sherriff's department had flagged the warrant and/or the file by attaching Exhibit "A" to it to place anyone inquiring of their agency on notice that there was mistaken identity issue regarding the warrant. Consequently, Defendant, NORRIS received notification from the Pinellas County Sherriff's Office that the

Plaintiff was not the subject of the warrant when he called to confirm it the first time before he returned to the Plaintiff's vehicle at 11:35.

28.   Although Defendant, NORRIS, knew Plaintiff, MICHAEL L. AINSWORTH, was not the Michael R. Ainsworth who was the subject of the warrant, upon information and belief, he elected to use the warrant as an excuse to punish the Plaintiff by effecting a false arrest because Defendant, NORRIS, did not like the Plaintiff's attitude.

29.   When Defendant, NORRIS slammed Plaintiff, MICHAEL L. AINSWORTH, to the ground the Plaintiff lost consciousness.

30.   When the Plaintiff, MICHAEL L. AINSWORTH awoke he was seated in the back of Officer Gary Leggett's patrol car with his hands behind his back.

31.   Over the course of the next hour and twenty minutes, Officer Leggett questioned Plaintiff, MICHAEL L. AINSWORTH, regarding the warrant and the letter provided by the Pinellas County Sherriff's Office (Exhibit "A") at one point stating if he had such a letter the Plaintiff should "have had it taped to his ass."

32.   During the course of the hour and twenty minutes that the Plaintiff waited in the back of Officer Leggett's patrol car approximately six other patrol cars arrived on the scene.

33.   While these officers milled around the scene, either officer Legget or Defendant, NORRIS, notified their supervisor, Officer Alphonso Sams, of what was occurring and Officer Alphonso Sams also contacted the Pinellas County Sherriff's Office and was told that the Plaintiff was NOT the Michael R. Ainsworth which was the subject of the warrant.

34.   Despite receiving confirmation that Plaintiff, MICHAEL L. AINSWORTH was not the Michael R. Ainsworth who was the subject of the warrant, Defendant, NORRIS

nevertheless proceeded with the arrest and Plaintiff, MICHAEL L. AINSWORTH was transported to Orient Road Jail where he was booked at 1:30 a.m.

35. The charge report indicates that at the time of booking an identification technician named Fisher concluded Plaintiff, MICHAEL L. AINSWORTH was the wrong person because his fingerprints did not match those associated with the warrant.

36. Since this incident, moreover, the Tampa Police Department has admitted through statements made by spokesperson, Laura McElroy, that Defendant, NORRIS, knew the Plaintiff, MICHAEL L. AINSWORTH was not the subject of the warrant when he effectuated custody and slammed the Plaintiff, MICHAEL L. AINSWORTH to the ground.

37. To date Plaintiff, MICHAEL L. AINSWORTH, has incurred medical bills in excess of $100,000.00 as a direct and proximate result of the injuries caused by NORRIS' use of such excessive and unreasonable force in effecting this arrest.

## COUNT I
## (42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT NORRIS)

Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1 through 37 above, as if fully set forth herein.

38. At the time of said arrest of Plaintiff, MICHAEL L. AINSWORTH, was not violating any laws, was not attempting to interfere with Defendant, NORRIS' execution of his duties, and was not engaged in any assaultive behavior toward Defendant, NORRIS.

39. At the time of said arrest, Defendant, NORRIS, knew Plaintiff, MICHAEL L. AINSWORTH, was not the subject of the warrant and therefore had no probable cause to arrest him based upon an open container violation alone.

40. The said arrest and beating of Plaintiff, MICHAEL L. AINSWORTH by Defendant, NORRIS was entirely unjustified by any actions of Plaintiff, MICHAEL L. AINSWORTH and constituted an unreasonable and excessive use of force.

41. As a direct and proximate result of Defendant, NORRIS' acts Plaintiff, MICHAEL L. AINSWORTH has suffered injuries to his person, as described above, was forced to endure great pain and mental suffering, and to incur medical expenses, and was deprived of his physical liberty.

42. Defendant, NORRIS, effected an unreasonable seizure of Plaintiff, MICHAEL L. AINSWORTH, in that the force used was unreasonable and excessive, and there was no probable cause for his arrest given the differences in his middle name and physical appearance from the Michael R. Ainsworth which was the true subject of the warrant, and Defendant, NORRIS maliciously seized Plaintiff, MICHAEL L. AINSWORTH, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution, and actionable through 42 U.S.C. §1983.

## COUNT II
## SUPPLEMENTAL STATE TORT
## CLAIM AGAINST NORRIS – (FALSE ARREST)

Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1 through 37above, as if fully set forth herein.

43. At all times material and relevant herein, Defendant, NORRIS, was acting within the scope of his authority as a police officer of the Defendant, CITY OF TAMPA.

44. Said arrest and imprisonment were without probable cause and in violation of the laws of the State of Florida.

45. Plaintiff, MICHAEL L. AINSWORTH, invokes the supplemental jurisdiction of this Court to hear and determine this claim.

### COUNT III
### SUPPLEMENTAL STATE TORT
### CLAIM AGAINST CITY OF TAMPA – (FALSE ARREST)

Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1 through 37 above, as if fully set forth herein.

46. At all times material and relevant herein Defendant, NORRIS, was acting within the scope of his authority as a police officer of the Defendant, CITY OF TAMPA.

47. Said arrest and imprisonment were without probable cause and in violation of the laws of the State of Florida.

48. While Plaintiff, MICHAEL L. AINSWORTH, was detained in the back of Officer Leggett's patrol car, Supervisor Sams received notification that the Plaintiff, MICHAEL L. AINSWORTH was not the Michael R. Ainsworth that was the subject of the warrant, yet allowed Defendant, NORRIS to proceed with the arrest.

49. Plaintiff, MICHAEL L. AINSWORTH, invokes the supplemental jurisdiction of this Court to hear and determine this claim.

### COUNT IV
### SUPPLEMENTAL STATE TORT
### CLAIM AGAINST NORRIS – (BATTERY)

Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1 through 37 above, as if fully set forth herein.

50. At all times material and relevant herein Defendant, NORRIS, was acting within the scope of his authority as a police officer of the Defendant, CITY OF TAMPA.

51. Said force and contact used against Plaintiff, MICHAEL L. AINSWORTH, was intentional, harmful, unreasonable and constituted a battery under the laws of the State of Florida.

52. Plaintiff, MICHAEL L. AINSWORTH invokes the supplemental jurisdiction of the Court to hear and determine this claim.

## COUNT V
## (42 U.S.C. §1983 CLAIM AGAINST DEFENDANT CITY OF TAMPA)

Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1 through 37 above, as if fully set forth herein.

53. Defendant, CITY OF TAMPA, has grossly failed to train its police officers in the fundamental law of arrest and use of force in affecting arrests.

54. Defendant, CITY OF TAMPA, has a municipal policy of encouraging false arrests, batteries and assaults or of ratifying same by systemic deficiencies in disciplining officers or in investigation of complaints. Specifically, Defendant, CITY OF TAMPA, has tolerated the use of excessive force by its officers without imposing appropriate sanctions and penalties on its officers for their use of excessive force. *See, Thompson v. Douds*, 852 So.2d 299 (Fla. 2nd DCA 2003).

55. Defendant, CITY OF TAMPA, has failed to implement proper procedures to correctly identify subjects of arrest warrants and such failure constitutes a deliberate indifference to the rights of law abiding citizens of the United States to be free from unreasonable seizure.

56. Defendant, CITY OF TAMPA, has also failed to properly train it officers on the subject of properly identifying the subjects of arrest warrants and such failure constitutes a deliberate indifference to the rights of law abiding citizens to be free from unreasonable seizure.

57. The obligation of correctly executing arrest warrants and correctly identifying the subject of an arrest warrant is a fundamental daily obligation of performing the duties of a police officer and thereby imposes upon the Defendant, CITY OF TAMPA, the duty to train its officers on appropriate procedures for the proper identification of the subjects of arrest warrants.

58. The forgoing acts, omissions, and systemic failures are customs and policies of the Defendant, CITY OF TAMPA, and caused police officers, including Defendant, NORRIS, to believe that determination of the right to arrest and to use force and the amount of allowable legal force was within their discretion and that complaints of illegal arrest and use of excessive force would not be honestly or properly investigated, with the foreseeable result that officers would be likely to illegally arrest and to use improper force.

59. In the instant case, moreover, both NORRIS and Supervisor Alphonso Sams received notification that the Plaintiff was not the subject of the warrant yet Officer Sams allowed Defendant, NORRIS to proceed with the arrest.

60. As a direct and proximate cause of the aforesaid acts, omissions, policies and customs of the Defendant, CITY OF TAMPA, Co-Defendant, KENNY NORRIS, improperly arrested and used excessive force against, Plaintiff, MICHAEL L. AINSWORTH.

## COUNT VI
## (CLAIM OF CHERYL AINSWORTH FOR LOSS OF CONSORTIUM)

Plaintiffs reallege and incorporate by reference the allegations of Paragraphs 1 through 37 above, as if fully set forth herein.

61. That at all times material hereto CHERYL AINSWORTH and MICHAEL L. AINSWORTH were legally married.

62. That as a direct and proximate result of the injuries to MICHAEL L. AINSWORTH, CHERYL AINSWORTH has in the past and will continue in the future to suffer

the loss of his services, companionship, and consortium; that he has in the past and will continue in the future incur great expenses to doctors and hospitals for medical treatment, palliative care, medication and similar items.

WHEREFORE, Plaintiffs, MICHAEL L. AINSWORTH and CHERYL AINSWORTH, demand judgment against Defendants, KENNY NORRIS, and THE CITY OF TAMPA, FLORIDA, together with costs, attorneys' fees, interest, and any other relief this Court deems just and proper in the premises. Plaintiffs, MICHAEL L. AINSWORTH and CHERYL AINSWORTH further request a trial by jury on all issues so triable.

I HEREBY CERTIFY that I have filed the foregoing with the Clerk of the Court on this 9th day of June, 2010 using the CM/ECF system and that an electronic notice will be sent to: Ursula Danese Richardson, Esquire, City Attorney's Office, 5th Floor - City Hall 315 E. Kennedy Blvd, Tampa, FL 33602 (attorney for Defendant).

/S/ William B. Bowles, Jr., Esquire
William B. Bowles, Jr., Esquire
Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 122998
Attorney for Plaintiff

EXHIBIT "A"



# Sheriff Jim Coats

## Pinellas County Sheriff's Office

*"Leading The Way For A Safer Pinellas"*

Date: March 28, 2008

Reference: Michael L. Ainsworth
W/M, DOB: 02-23-1961, SS# 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, Florida State Driver's License #A526-552-61-063-0.

TO WHOM IT MAY CONCERN:

This is to certify that a search of our files, by name and fingerprint comparison, has been made and the above referenced individual has no arrest or criminal record with this office as of this date.

Our records show an outstanding warrant for case #9226508MOANO/Possion of open alcohol, under the name of Michael Ray Ainsworth. He is a W/M, DOB: 02-23-1961, SS# 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, SPN#00148889, and he has a tattoo on the right arm of a grim reaper.

Sincerely,

JIM COATS, SHERIFF
Pinellas County

By: *Cindy Douglass*    Payroll# 1667

Cindy Douglass #1667
AFIS Section Supervisor
727-464-6421

PINELLAS COUNTY SHERIFF'S OFFICE
4801 145TH      E NO.
CLEARWATER, FLORIDA 33762
A.F.I.S. SECTION

Reviewed / Revised   Feb 2008

10750 Ulmerton Road    P.O. Drawer 2500 - Largo, FL 33779    (727) 582-6200    http://www.pcsoweb.com